UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRI PENNINGTON, AS THE**     CASE NO.4:22-cv-00377-MW-MJF
**PERSONAL REPRESENTATIVE**
**OF THE ESTATE OF CLINTON**
**ARCHER WELLS, DECEASED,**
**AND ON BEHALF OF J.A. AND D.A.,**
**MINOR CHILDREN SURVIVORS,**

       Plaintiff,

v.

**FLORIDA DEPARTMENT OF**
**CORRECTIONS, AN AGENCY OF**
**THE STATE OF FLORIDA,**
**HOLLY HAMLIN, JEFFREY**
**BRANNEN, JULIANPARRISH,**
**and GREGORY HOWARD,**

       Defendant,
_____/

## DEFENDANT GREGORY HOWARD'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant, GREGORY HOWARD, by and through undersigned counsel, responds to Plaintiff's Complaint and states as follows:

### INTRODUCTORY ALLEGATIONS

1. Admitted solely for purposes of jurisdiction; otherwise denied.
2. Admitted.

3. Denied.

4. Admitted that Leon County is one possible proper venue for this action.

5. Defendant is without knowledge, therefore denied.

6. Defendant is without knowledge, therefore denied.

7. Defendant is without knowledge, therefore denied.

8. Defendant is without knowledge, therefore denied.

9. Defendant is without knowledge, therefore denied.

10. Defendant is without knowledge, therefore denied.

11. Defendant is without knowledge, therefore denied.

12. Defendant is without knowledge, therefore denied.

13. Defendant is without knowledge, therefore denied.

14. Defendant is without knowledge, therefore denied.

15. Defendant is without knowledge, therefore denied.

16. Defendant is without knowledge, therefore denied.

17. Admitted.

18. Denied.

## **FACTUAL ALLEGATIONS**

19. Denied.

20. Defendant is without knowledge, therefore denied.

21. Defendant is without knowledge, therefore denied.

22. Defendant is without knowledge, therefore denied.

23. Defendant is without knowledge, therefore denied.

24. Defendant is without knowledge, therefore denied.

25. Defendant is without knowledge, therefore denied.

26. Defendant is without knowledge, therefore denied.

27. Admitted.

28. Admitted.

29. Denied.

30. Defendant is without knowledge, therefore denied.

31. Defendant is without knowledge, therefore denied.

32. Defendant is without knowledge, therefore denied.

33. Defendant is without knowledge, therefore denied.

34. Admitted to the existence of the cited case law, denied as to its applicability in this case.

35. Defendant is without knowledge, therefore denied.

36. Defendant is without knowledge, therefore denied.

37. Defendant is without knowledge, therefore denied.

38. Defendant is without knowledge, therefore denied.

39. Defendant is without knowledge, therefore denied.

40. Denied.

41. Denied.

42. Admitted to the existence of the cited case law and Florida Administrative Code, denied as to their applicability in this case.

43. Defendant is without knowledge, therefore denied.

44. The allegations in paragraph 44 are admitted and denied as follows:

   a. Defendant is without knowledge, therefore denied.

   b. Defendant is without knowledge, therefore denied.

   c. Defendant is without knowledge, therefore denied.

   d. Defendant is without knowledge, therefore denied.

   e. Defendant is without knowledge, therefore denied.

45. Denied.

46. Defendant is without knowledge, therefore denied.

47. Denied.

48. Denied.

49. Defendant is without knowledge, therefore denied.

50. Defendant is without knowledge, therefore denied.

51. Defendant is without knowledge, therefore denied.

52. Defendant is without knowledge, therefore denied.

53. Defendant is without knowledge, therefore denied.

54. Defendant is without knowledge, therefore denied.

55. Defendant is without knowledge, therefore denied.

56. Defendant is without knowledge, therefore denied.

57. Defendant is without knowledge, therefore denied.

58. Defendant is without knowledge, therefore denied.

59. Defendant is without knowledge, therefore denied.

60. Defendant is without knowledge, therefore denied.

### COUNT I – WRONGFUL DEATH
### (against FDC)

To the extent that a response is required to the allegations against Defendant Florida Department of Corrections in Count I, denied.

### COUNT II – Violation of 42 U.S.C. § 1983
### (against Hamlin, Parrish, and Brannen)

To the extent that a response is required to the allegations against Defendants Hamlin, Parrish, and Brannen in Count II, Denied.

### COUNT III – Violation of 42 U.S.C. § 1983
### (against Howard)

79. Denied.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Denied.

85. Denied.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

**<u>Prayer for Relief</u>**

To the extent that a response is required to the Prayer for Relief, denied.

# AFFIRMATIVE DEFENSES

1. Plaintiff's Complaint and every cause of action therein has failed to state a claim upon which relief may be granted.

2. Plaintiff's Complaint, as filed, contains mere statements of opinion and conclusions, unsupported by specific facts and as such the Complaint fails to state a cause of action for which relief can be granted.

3. Any judgment for the Plaintiff against the Defendant may be limited pursuant to Section 768.28, Florida Statutes.

4. Plaintiff has failed to mitigate and lessen damages, if any she sustained, as required by law, and is barred from recovery by reason thereof against Defendant.

5. If the Plaintiff has mitigated her own alleged damages, the Defendant is entitled to an offset for this amount.

6. To the extent Defendants were acting within the scope of their employment with the Florida Department of Corrections, Defendants are entitled to qualified immunity.

7. People or entities other than Defendant may have caused or contributed to the damages Plaintiff claims to have suffered, therefore any award made in favor of the Plaintiff in this case must be reduced by an amount equal to the percentage of the fault of others in causing or contributing to the damages as alleged in the Complaint.

8. To the extent that Plaintiff suffered injury as a result of the actions from some third party and/or conditions not under the control of Defendant, Plaintiff is barred from recovery, in whole or in part, against Defendant with respect to such injuries.

9. To the extent that the alleged survivors are not proper, legally recognized survivors under Florida's Wrongful Death Act, they are barred to recovery.

10. To the extent some or all of Plaintiff's claims are barred by the applicable statutes of limitation and/or are otherwise barred or preempted, Plaintiff is not entitled to recover with respect to such claims.

11. Because the Complaint only alleges conclusions of fact and law, the answering Defendant cannot fully anticipate all affirmative defenses and reserves the right to add to or amend these affirmative defenses as discovery proceeds or additional pleadings are filed.

Respectfully submitted,

*/s/ Liane S. LaBouef*
Liane LaBouef
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Liane@jsh-pa.com
*Attorney for Defendant Howard*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed electronically through Florida Courts E-Filing Portal to all counsel of record this 1st day of November, 2022.

/s/Liane S. LaBouef
Liane S. LaBouef