UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRI PENNINGTON,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 4:22-cv-00377-MW-MJF

### REPORT OF THE PARTIES' PLANNING MEETING

In accordance with the Court's Initial Scheduling Order (Doc. 12) and pursuant to Rule 26(f), the parties conferred through their counsel via videoconference on Friday, November 4, 2022 and through electronic means. The following persons participated in the conference:

    James M. Slater, Counsel for Plaintiff;

    James V. Cook, Counsel for Plaintiff; and

    Liane S. LaBouef, Counsel for Defendants.

Per the Court's Initial Scheduling Order, the parties report the following:

    **1.** **Magistrate Judge jurisdiction.** The parties have conferred regarding this issue.

2. **Nature and basis of claims and defenses**.

(a) Plaintiff alleges that the individual defendants violated the decedent's Eight Amendment right by failing to protect him from a serious and substantial known risk of harm resulting in physical injuries, distress, and pain to the decedent. Plaintiff also alleges that the Florida Department of Corrections and its agents and employees were negligent in performing their duty to use reasonable care to ensure the decedent's safety and well-being resulting in his untimely death.

(b) Defendants deny all allegations of civil and/or statutory rights violations against Plaintiff or the decedent. Defendants at all times acted with due care. Defendants deny all allegations that they were negligent in performing their duty to use reasonable care to ensure the decedent's safety and well-being. Defendants maintain the affirmative defenses raised in their Answers and Affirmative Defenses including but not limited to qualified immunity and sovereign immunity.

3. **Possibility of settlement.** The prospects for settlement are currently unknown. Settlement may be enhanced by mediation after the substantial completion of discovery.

4. **Proposed timetables and cutoff dates.** The parties would request that: (a) the Plaintiff be allowed until January 13, 2023 to join additional parties and to

amend the pleadings; and (b) that the parties have thirty (30) days from the date of the Rule 26(f) conference to serve and file their initial disclosures.

5. **Discovery requirements**. The parties would respectfully propose the following discovery plan and amendment to the Initial Scheduling Order:

(a) The parties request that the fact discovery deadline be extended from March 2, 2023 to June 30, 2023. This case pertains to complaints over several years by the decedent Clinton Archer Wells regarding sexual violence and threats against his life, which necessarily will involve fact discovery related to his treatment and encompass inquiry into the defendants and other nonparties. This case also involves Mr. Wells' death by strangulation while in the custody of the Florida Department of Corrections—the Florida Department of Law Enforcement engaged in a substantial investigation into his death and has already identified a half-dozen prisoner witnesses and a half-dozen corrections officers who were on scene. Plaintiff believes that there are other percipient witnesses who may have information that bears on her case. Given all of this, the parties agree that additional time will be necessary to fully develop their claims and defenses.

(b) Interrogatories, requests for admissions, and requests for production should be governed by the applicable Federal Rules of Civil Procedure and the Local Rules of this Court.

6. **Electronically Stored Information (ESI).** The parties intend to request and produce ESI and respond to the Court's inquiries as follows:

(a) Production and disclosure will be limited to data and metadata reasonably available to the parties in the ordinary course of business. To the extent a party seeks data beyond that, the propounding party will bear the cost of production.

(b) Electronic records should be produced in native format or otherwise in standard format, such as .pdf. Records will be requested in the form they are maintained. Any special viewing software necessary for video or audio will be provided with the video or audio files.

(c) Counsel for each party shall direct their clients to initiate a "litigation hold" as to relevant sources of evidence, including an immediate suspension of any routine practice, policy or procedure of destroying any documents or data that are potentially relevant (including electronically stored records, such as email and instant messages); and preservation of such documents/data. The parties have a duty to preserve relevant evidence including paper documents and ESI, and that the litigation hold applies to such information on the parties' network servers, e-mail server, workstations, laptops, portable hard drives, and all other storage media, such as diskettes and CDs, as well as to all file types, including e-mail, word processing documents, spreadsheets and power point presentations.

(d) The parties agree to serve discovery requests and responses electronically.

(e) The parties agree that if privileged data or documents are inadvertently produced, they will be returned and copies will be destroyed, or treated as otherwise permitted by the Rules.

(f) The parties will address issues of privilege with respect to discovery if and when such issues arise.

7. **Trial readiness.** The parties believe that this matter will be ready for trial in October 2023. Given the many witnesses and video and other matters that will need to be produced from nonparties, including the Florida Department of Law Enforcement, the parties believe that eight months is insufficient time to complete fact discovery, finalize expert discovery, and complete pretrial motions before trial.

8. **Other matters.** None.

9. **Manual for Complex Litigation.** This case should not be subject to the Manual for Complex Litigation.

*[Signature Blocks to Follow]*

Dated: November 4, 2022.

Respectfully submitted,

| | |
|---|---|
| SLATER LEGAL PLLC | HOWELL, BUCHAN & STRONG |
| */s/ James M. Slater* | */s/ Liane LaBouef\** |
| James M. Slater (FBN 111779) | Liane LaBouef (FBN 1025198) |
| 113 S. Monroe Street | 2898-6 Mahan Drive |
| Tallahassee, Florida 32301 | Tallahassee, Florida 32308 |
| james@slater.legal | Tel. (850) 877-7776 |
| Tel. (305) 523-9023 | Liane@jsh-pa.com |
| | |
| -and- | *Counsel for Defendants* |
| | |
| LAW OFFICE OF JAMES COOK | |
| James V. Cook | |
| Florida Bar No. 0966843 | |
| 314 W. Jefferson Street | |
| Tallahassee, Florida 32301 | |
| cookjv@gmail.com | |
| Tel. (850) 222-8080 | |
| Fax (850) 561-0836 | |
| | |
| *Counsel for Plaintiff* | |

*Signed by James Slater with Liane LaBouef's permission.