UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRI PENNINGTON, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CLINTON ARCHER WELLS, DECEASED, AND ON BEHALF OF J.A. AND D.A., MINOR CHILDREN SURVIVORS,**

  **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF CORRECTIONS, AN AGENCY OF THE STATE OF FLORIDA, HOLLY HAMLIN, JEFFREY BRANNEN, JULIAN PARRISH, and GREGORY HOWARD,**

  **Defendant,**
_____/

CASE NO.4:22-cv-00377-MW-MJF

## DEFENDANTS' INITIAL RULE 26 DISCLOSURES

COME NOW Defendants, FLORIDA DEPARTMENT OF CORRECTIONS, HOLLY HAMLIN, JEFFREY BRANNEN, JULIAN PARRISH, and GREGORY HOWARD, by and through their undersigned council, and make the following disclosures in accordance with Rule 26(a)(1)(A), Federal Rules of Civil Procedure:

1

**A. Rule 26(a)(1)(A)(i), Federal Rules of Civil Procedure, requires the disclosure of the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subject of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment. Defendants have conducted a reasonable inquiry required by Rule 26(g) and, to the best of Defendants' knowledge, information and belief, this disclosure is complete and correct at this time. However, Defendants reserve the right to supplement this list upon discovery of additional information that may be relevant to this action:**

1. The following persons may have knowledge of the allegations and/or underlying facts of this lawsuit:

    a. Plaintiff, Kerri Pennington
        i. c/o James Slater, Slater Legal PLLC
        ii. Plaintiff has direct knowledge of the underlying allegations and claims in this matter.

    b. J.A., minor survivor of Decedent
        i. c/o James Slater, Slater Legal PLLC
        ii. J.A. has direct knowledge of facts related to damages. Note that Defendants do not intend to depose J.A. at this time.

    c. D.A., minor survivor of Decedent
        i. c/o James Slater, Slater Legal PLLC
        ii. D.A. has direct knowledge of facts related to damages. Note that Defendants do not intend to depose D.A. at this time.

    d. Jeffrey Brannen, Florida Department of Corrections
        i. c/o Howell, Buchan & Strong
        ii. Mr. Brannen is a named Defendant and has relevant knowledge regarding the allegations made against him in this matter.

    e. Holly Hamlin, Florida Department of Corrections
        i. c/o Howell, Buchan & Strong
        ii. Ms. Hamlin is a named Defendant and has relevant knowledge regarding the allegations made against her in this matter.

    f. Gregory Howard, Florida Department of Corrections

        i. c/o Howell, Buchan & Strong
        ii. Mr. Brannen is a named Defendant and has relevant knowledge regarding the allegations made against him in this matter.

    g. Julian Parrish, Florida Department of Corrections
        i. c/o Howell, Buchan & Strong
        ii. Mr. Parrish is a named Defendant and has relevant knowledge regarding the allegations made against him in this matter.

    h. Rusty McLaughlin, Florida Department of Corrections
        i. c/o Howell, Buchan & Strong
        ii. Mr. McLaughlin can testify to issues regarding protective management of inmates within the Florida Department of Corrections.

    i. FDOC Records Custodian(s)
        i. c/o Howell, Buchan & Strong
        ii. Any records custodian required for the authentication of documents.

    j. FDOC Agency Representative(s)
        i. c/o Howell, Buchan & Strong
        ii. Any agency representatives for Defendant FDOC who may have knowledge of the underlying facts and/or claims and defenses in this matter.

2. All Defendants and other individuals listed or otherwise identified in Plaintiff's Complaint.

3. All persons identified by Plaintiff in her Rule 26 disclosures.

4. All persons identified by Plaintiff in their answers to Interrogatories.

5. All persons deposed by either party in this case.

**B. Rule 26(a)(1)(A)(ii), Federal Rules of Civil Procedures, requires disclosure of a copy—or a description by category and location—of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody or control and may use to**

**support its claims or defenses, unless the use would be solely for impeachment. Defendants reserve the right to supplement this list as additional information becomes available. Defendants performed a good faith examination of its claims and defenses, and of all documents in Defendants' possession, and makes the following disclosure of documents that may be relevant.**

1. FDOC classification file for decedent Clinton Wells, including medical records, in FDOC's possession.

2. Mortality report for Clinton Wells, in FDOC's possession.

3. Internal movement report for Clinton Wells, in FDOC's possession.

4. FDOC-OIG Investigation 20-11951 and its attachments, in FDOC's possession.

5. FDOC Classification File for the alleged attacker, in FDOC's possession.

6. Personnel files for individual Defendants, in FDOC's possession.

7. All PREA allegations and complaints made by Clinton Wells, including related DC forms, in FDOC's possession.

8. Court and Arrest Records pertaining to Clinton Wells' incarceration, public record.

9. FDOC policies and procedures, in FDOC's possession.

10. All documents obtained through public records requests.

11. All documents and records obtained through third party subpoenas.

12. All items and documents identified by Plaintiff in her Rule 26 disclosures.

13. All items and documents attached to any and all depositions taken in this matter.

C. **Rule 26(a)(1)(A)(iii), Federal Rules of Civil Procedure, requires a computation of each category of damages claimed by the disclosing party—who must also make available for inspection and copying as under Rule 34—the documents or other evidentiary material, unless privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered.**

Computation of damages is not applicable. Defendants are self-insured through the State of Florida and the Division of Risk Management.

Respectfully submitted,

*/s/ Liane S. LaBouef*
LIANE S. LABOUEF
Florida Bar No. 1025198
Howell, Buchan, & Strong
2898-6 Mahan Drive
Tallahassee Florida 32308
Telephone: (850) 877-7776
Email: liane@jsh-pa.com
*Attorney for Defendants*

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been served all counsel of record via email this 5th day of December, 2021.

                                                                  */s/ Liane S. LaBouef*
                                                                  Liane S. LaBouef