UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRI PENNINGTON, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CLINTON ARCHER WELLS, DECEASED, AND ON BEHALF OF J.A. AND D.A., MINOR CHILDREN SURVIVORS,**

      **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF CORRECTIONS, AN AGENCY OF THE STATE OF FLORIDA, HOLLY HAMLIN, JEFFREY BRANNEN, JULIANPARRISH, and GREGORY HOWARD,**

      **Defendant,**
_____/

CASE NO.4:22-cv-00377-MW-MJF

## DEFENDANTS' MOTION TO CLARIFY AND AMEND ORDER

The Court has entered an Order related to the release of Protected Health Information (PHI). [Doc. 32]. Defendants are seeking clarification and amendment of this Order and have attached a Proposed Amended Order with changes highlighted. *Attachment 1*. In support Defendants state the following:

1

I.    **Limitations on access to PHI of unrelated individuals.**

1. While the Order in its totality is aimed towards allowing the parties to use Mr. Wells' PHI during the course of this litigation, the "catch all" provision in paragraph 4d is extremely broad and could lead to the violation of privacy of individuals who are unrelated to this claim.

2. The Florida Department of Corrections maintains the PHI of countless inmates, correctional officers, and other individuals who have no connection to the facts alleged in the complaint. If there are discovery materials containing the PHI of such unrelated individuals, it would be appropriate to redact or withhold that PHI.

3. Therefore, Defendants request that the Court amend its Order to narrow the scope of paragraph 4d to solely include the PHI of Mr. Wells and individuals directly involved in the incidents described in the complaint.

4. This would prevent the annoyance and embarrassment of individuals from the release of PHI unrelated to Plaintiff's allegations.

II.   **Redactions related to security would not be covered by the Court's Order regarding PHI, but rather by the Confidentiality Agreement already entered into by the parties.**

5. The parties have entered into a Confidentiality Agreement to control the release and use of discovery in this matter. *Attachment 2.* Discovery has been released and exchanged subject to this agreement.

6. The purpose of the agreement is to protect the security concerns of the Department of Corrections and its individual officers, and to prevent the release of materials that are not PHI but are considered confidential by Florida law, including sections 119.071 and 945.10, Florida Statutes.

7. In particular, the materials outlined in paragraph 4c contain a great deal of sensitive security information unrelated to PHI.

8. Therefore, Defendants request that the Court clarify that its Order solely applies to PHI as defined in the Health Insurance Portability and Accountability Act (HIPAA) and that all other material will be subject to the Confidentiality Agreement. As currently written, the Order arguably circumvents the agreement already contemplated by the parties.

## MEMORANDUM OF LAW

Rule 26(c) of the Federal Rule of Civil Procedure provides an expansive definition of material that properly may be the subject of a confidentiality order or agreement. Rule 26(c)(1) states the general rule that a court is permitted to enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense."

HIPAA specifically addresses the use of PHI in a correctional setting. Generally, the correctional institution must guard the PHI of inmates and release it

only to provide for the health and safety of the inmate or to maintain the safety, security, and order of the institution:

*Correctional institutions and other law enforcement custodial situations* -

(i) *Permitted disclosures.* A covered entity may disclose to a correctional institution or a law enforcement official having lawful custody of an inmate or other individual protected health information about such inmate or individual, if the correctional institution or such law enforcement official represents that such protected health information is necessary for:

(A) The provision of health care to such individuals;

(B) The health and safety of such individual or other inmates;

(C) The health and safety of the officers or employees of or others at the correctional institution;

(D) The health and safety of such individuals and officers or other persons responsible for the transporting of inmates or their transfer from one institution, facility, or setting to another;

(E) Law enforcement on the premises of the correctional institution; or

(F) The administration and maintenance of the safety, security, and good order of the correctional institution.

> *(ii) Permitted uses.* A covered entity that is a correctional institution may use protected health information of individuals who are inmates for any purpose for which such protected health information may be disclosed.

45 C.F.R. § 164.512(k)(5) (2023)

The proposed amendments would uphold the privacy rights outlined in HIPAA while allowing the parties to seek discovery material to their claims and defenses.

WHEREFORE, Defendants request that the Court grant their motion for clarification and amendment and enter the attached proposed amended order.

    Respectfully submitted,

    */s/ Liane S. LaBouef*
    Liane LaBouef
    Florida Bar No. 1025198
    Howell, Buchan & Strong
    2898-6 Mahan Drive
    Tallahassee, Florida 32308
    (850) 877-7776
    Liane@jsh-pa.com
    *Attorney for Defendants*

## CERTIFICATE OF GOOD FAITH CONFERENCE PER L.R. 7.1(B)

I hereby certify that counsel for the parties conferred on the above motion via email on January 24, 2023. Plaintiff opposes Defendants' motion.

## CERTIFICATION OF WORD COUNT PER L.R. 7.1(F)

I hereby certify that the foregoing document contains 736 words, excluding the case style, signature block, and certificates.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was e-filed electronically through Florida Courts E-Filing Portal to all counsel of record this 25th day of January, 2023.

/s/Liane S. LaBouef
Liane S. LaBouef