UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRI PENNINGTON, AS THE PERSONAL REPRESENTATIVE OF THE ESTATE OF CLINTON ARCHER WELLS, DECEASED, AND ON BEHALF OF J.A. AND D.A., MINOR CHILDREN SURVIVORS,**

      **Plaintiff,**

v.

**FLORIDA DEPARTMENT OF CORRECTIONS, AN AGENCY OF THE STATE OF FLORIDA, HOLLY HAMLIN, JEFFREY BRANNEN, JULIANPARRISH, and GREGORY HOWARD,**

      **Defendant,**
_____/

CASE NO.4:22-cv-00377-MW-MJF

## CONFIDENTIALITY AGREEMENT

1. This is an agreement between Plaintiff KERRI PENNINGTON and Defendant Florida Department of Corrections regarding the treatment of Florida Department of Corrections (FDC) records for purposes of this litigation, and any Party who becomes a signatory hereto.

2. This Agreement governs the handling, maintenance, storage, and use of

1

discovery materials that would be otherwise exempt from disclosure under public records laws, or are considered confidential by Florida statutes, including section 119.071, Florida Statutes, section 945.10, Florida Statutes, and other applicable state laws, as well as certain FDC security procedures and rules.

3. FDC has security concerns regarding certain records and wishes to ensure that these records are not introduced into the public domain.

4. Plaintiff has a discovery need relating to his burden of proof of claims in the instant lawsuit that may include records that would be exempt from public disclosure under Florida public records laws.

5. Plaintiff maintains that federal courts are not required to and should rarely undertake to enforce state confidentiality laws as part of the discovery process in federal civil rights litigation.

6. FDC wishes the Court to give weight to some Florida public records laws under principles of comity.

7. In recognition of the need for a balancing of interests, Plaintiff hereby agrees to treat the following kinds of discovery materials as confidential, subject to court review:

    a. Any video recordings taken within an FDC correctional institution or facility;

    b. Any photographs taken within an FDC correctional institution or facility;

    c. Post Orders that FDC has designated as restricted;

    d. Any FDC Duty Rosters for staff or any types of inmate rosters;

    e. Photographs of current and former security staff members;

    f. Control Room Logs;

    g. Housing Logs and Dormitory Logs;

    h. FDC policies and procedures that it has designated as "Confidential" and "Exempt";

    i. Individual Defendants' training materials;

    j. Classification documents;

    k. Chemical agents descriptions, to include type, weight, and usage.

8. Plaintiffs may also designate records as confidential. Although the above-listed records are characterized as confidential under this agreement, such designation is purely the product of the parties' stipulation does not reflect a judicial ruling or stipulation by any Party concerning whether such records are protected by state or federal law. Plaintiffs may challenge the protection as "confidential" of any particular record for a showing of "good cause" pursuant to Fed.R.Civ.P. 26 and FDC reserves the right to file appropriate motions to protect the confidential nature of the documents

9. FDC, however, maintains these records are, in fact, protected by state and federal law.

10. This Agreement does not alter the requirements under court rules for redaction of information from documents filed with the court.

11. This Agreement does not apply to records already in the public domain.

12. The following definitions shall apply to this Confidentiality Agreement:

    a. "Parties" shall mean and refer to the Plaintiffs and each Defendant in the above captioned case.

    b. "Qualified person(s)" shall mean and refer to:

        i. Counsel for the Parties and their employees, as well as contractors tasked with the reproduction of materials;

        ii. Expert witnesses and expert consultants for the Parties;

        iii. Deponents, to the extent needed in deposition, court reporters and persons preparing transcripts;

        iv. The Court and court personnel;

        v. Other persons only on order of the Court

13. Confidential discovery materials as set out in this Agreement, if filed, shall be redacted or submitted to the Court with a motion to seal.

14. Confidential discovery materials as set out in this Agreement shall be disclosed only to Qualified Persons and used only for this litigation.

15. Confidential discovery materials as set out in this Agreement may be shown to expert witnesses or expert consultants retained by a Party only after such witness or consultant has executed the Acknowledgment and Agreement (Exhibit A) agreeing to be subject to its terms. Counsel sharing the

4

confidential materials shall maintain a log of all persons who have seen or been provided confidential discovery materials.

16. Confidential discovery materials as set out in this Agreement, when filed pursuant to a sealing order or court rule authorizing the filing under seal of certain records without a court order, shall be submitted to the Court in sealed envelopes or sealed containers on which shall be written:

    a. the caption of this case;

    b. the name of the party filing the materials and an indication of the nature of the contents; and

    c. a statement substantially in the following

       form: [DISCLOSING PARTY'S NAME]

       CONFIDENTIAL

       This envelope (or container) is sealed pursuant to a Confidentiality Order, contains confidential information and is not to be opened or the contents thereof to be displayed or revealed except to counsel of record in these actions or by court order or pursuant to Order of the disclosing party in this action. The subject envelope or container shall not be opened without further order of the Court.

17. When confidential discovery materials as set out in this Agreement are expected to be presented in any pretrial proceeding, counsel for any Party who is a signatory to this agreement may apply to the Court to limit persons permitted to be present to only Qualified persons are present during such

presentation, quotation, or reference. The application of this paragraph is for the present limited to pretrial proceedings. Comparable measures may be requested for trial, if necessary.

18. If any Party objects to the designation of any discovery material as "Confidential," the objecting party shall so notify the producing party in writing. In the event that a dispute arises about the confidential nature of any materials or a Party's duty to produce materials under this Agreement, the Plaintiff shall confer with the opposing party in good faith to resolve the dispute prior to resorting to Court action.

19. Producing or receiving materials or otherwise complying with the terms of this Agreement shall not:

    a. Operate as an admission by any party that any particular discovery material contains or reflects any confidential matter; or

    b. Prejudice in any way the rights of any party to object to the production of documents it considers not subject to discovery for reasons other than privilege; or

    c. Prejudice in any way the rights of a party to seek a court determination whether particular discovery material should be produced; or

    d. Prejudice in any way the rights of a party to apply to the court for a further protective order relating to any confidential information.

20. Within thirty (30) days of conclusion of this litigation including appeals thereof, all confidential discovery materials governed by this Agreement

that were supplied by the parties and all copies thereof shall be returned to the producing party. All confidential discovery materials governed by this Agreement which are electronically stored in any manner by Plaintiff's counsel or counsel's agent must be permanently deleted.

21. Counsel for Plaintiff shall not disclose the confidential materials to a Plaintiff who is a state prisoner, with the exception that the Plaintiff who is a state prisoner shall review any video relating to the incident at issue in this suit, as well as pictures of the Plaintiff.

22. The obligation to maintain confidentiality pursuant to this Agreement shall continue after the conclusion of this case.

| | |
|---|---|
| SLATER LEGAL PLLC | HOWELL, BUCHAN & STRONG |
| *[signature]* | *[signature]* |
| James M. Slater (FBN 111779) | Liane LaBouef (FBN 1025198) |
| 113 S. Monroe Street | 2898-6 Mahan Drive |
| Tallahassee, Florida 32301 | Tallahassee, Florida 32308 |
| james@slater.legal | Tel. (850) 877-7776 |
| Tel. (305) 523-9023 | Liane@jsh-pa.com |
| | |
| -and- | *Counsel for Defendants* |
| | |
| LAW OFFICE OF JAMES COOK | |
| James V. Cook | |
| Florida Bar No. 0966843 | |
| 314 W. Jefferson Street | |
| Tallahassee, Florida 32301 | |

cookjv@gmail.com
Tel. (850) 222-8080
Fax (850) 561-0836

*Counsel for Plaintiff*

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRI PENNINGTON, AS THE　　　　　CASE NO.4:22-cv-00377-MW-MJF
PERSONAL REPRESENTATIVE
OF THE ESTATE OF CLINTON
ARCHER WELLS, DECEASED,
AND ON BEHALF OF J.A. AND D.A.,
MINOR CHILDREN SURVIVORS,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, AN AGENCY OF
THE STATE OF FLORIDA,
HOLLY HAMLIN, JEFFREY
BRANNEN, JULIANPARRISH,
and GREGORY HOWARD,

      Defendant,
_____/
                Exhibit A

### ADDENDUM TO CONFIDENTIALITY AGREEMENT BETWEEN DEFENDANT FDOC AND PLAINTIFF KERRI PENNINGTON

    The undersigned has been engaged as a consultant or expert in the above referenced action and hereby acknowledges that he/she has read the Confidentiality Agreement executed in this cause, understands the terms thereof, and agrees to be bound by such terms.

The material or information is being disclosed pursuant and subject to the terms of this Agreement and may not be disclosed other than pursuant to its terms.

Date:_____, 202__.

_____                    _____
PRINTED NAME                                                                           SIGNATURE