UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRI PENNINGTON,

    Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 4:22-cv-00377-MW-MJF

**PLAINTIFF'S RESPONSE IN OPPOSITION TO
DEFENDANTS' MOTION TO "CLARIFY AND AMEND"
HIPAA-QUALIFIED PROTECTIVE ORDER**

    Plaintiff, Kerri Pennington, through counsel, responds to the Defendants motion to "clarify and amend" the Court's HIPAA-Qualified Protective Order (the "Order"). (Docs. 32, 33). As grounds, Plaintiff states:

    1.    After failing to respond to Plaintiff's January 3, 2023 motion for entry of the Order (Doc. 26), Defendants have rushed to seek "clarification" and "amendment" of the Order entered upon their default. (Doc. 33).

    2.    Although styled in a manner to invoke the good cause standard of Rule 26, which is incorporated into the Order (Doc. 32 ¶ 11)—but without explaining why there is good cause to modify the Order—Defendants' motion is more accurately a motion for reconsideration.

3. Under either standard, Defendants' request fails. As explained below, an amendment to address Defendants' purported concerns would stymie these proceedings.

4. To begin, as Defendants correctly note, the parties have also signed a negotiated Confidentiality Agreement ("Agreement") (Doc. 33-2) on handling of *non-medical* discovery deemed sensitive. The premise of the Agreement is balancing the Department's "security concerns" regarding records produced. (*Id.* at ¶ 3). A cursory review of the types of documents covered the Agreement shows that "security concerns" is the overriding purpose of the Agreement—it covers video recordings taken with the facility, photographs taken within the facility, post orders designated as restricted, duty rosters, control room logs, training materials, classification documents, etc. (*Id.* at ¶ 7). The Order, on the other hand, is narrowly tailored to PHI:

> Entities subject to this Order are hereby authorized to disclose PHI without redaction to counsel for parties to this action (including their agents and employees) without violating the provisions of HIPAA . . .

5. The purposes of the Agreement and the Order are essentially the same, but their scopes are different. They permit the parties to freely exchange documents that are relevant, may be material to a claim or defense, or may lead to material evidence, while preserving the material from public dissemination subject to further rulings of the Court.

6. The Order designates certain types of evidence that would fall within its scope. Paragraphs 4a and 4b, for example, relate to Plaintiff's own records. Paragraphs 4c and 4d, to which Defendants object, designate evidence accessed or generated by investigators or records material to claims or defenses in the case. These designations only cover PHI considered relevant to the investigation here and other material evidence without necessarily imposing further restrictions within those categories. If there were evidence that implicated security, it would be covered by the Agreement that the Parties have freely negotiated apart from the Order. But if the document were not in one of the categories established in paragraph 7 of the Agreement, without the protections of the Order, Plaintiff would have the herculean task of litigating every single redacted document said to contain PHI to determine its materiality in the case.

7. Instead, far from "clarifying," the proposed amendments to the Order would only muddy discovery issues that emerge from the sometimes-unpredictable course of discovery, slowing and complicating litigation. For example, a single piece of evidence could be within subject matter implicating the Agreement—like a log, which Defendants would otherwise produce unredacted per the Agreement[1]—but that document could also contain PHI. For such document,

---

[1] The parties specifically negotiated Plaintiff's receipt of documents subject to the categories in the Agreement with limited redactions. *See* Correspondence dated December 14, 2022, attached as **Exhibit 1**.

without the Order as written, Defendants could seek to withhold the document despite the Agreement or redact portions of the document. There may be other matters outside the stipulated categories in paragraph 7 of the Agreement that contain PHI, which Defendants could seek to redact or withhold based on PHI contained within it.

8. Defendants also argue that the materials outlined in paragraph 4c of the Order would "contain a great deal of sensitive security information unrelated to PHI." But that is an assumption. Some materials, like interviews and transcripts, may contain security information covered by the Agreement, but they may not. Instead, they could contain PHI unrelated to Mr. Wells and information related to individuals who are not "directly involved" (see Doc. 33-1) in the incidents at issue in the complaint. The Order aims to allow Plaintiff to conduct discovery to prove her claims. If the Defendants are concerned that Plaintiff might seek discovery of information containing PHI that has no relationship to the proceedings, they can object on that basis, and the Court could then decide that limited issue on a motion to compel. Instead, by revising the Order, Defendants would have Plaintiff undertake two separate tasks—determine that the subject matter is relevant and obtain a Court order to produce it, and then separately obtain a Court order to have the produced documents reproduced without redaction after *in camera* review.

9. While relevance and materiality may be challenged even with the Order and Agreement, the other restrictions suggested by Defendants would create constant and continuous definitional problems that could require the intervention of the Court time and again, needlessly complicating these proceedings.

## MEMORANDUM OF LAW

Defendants' motion to "Clarify and Amend" the Order is clearly a motion for reconsideration. Reconsideration of a previous order "is an extraordinary remedy to be employed sparingly." *Sussman v. Salem, Saxon Nielson, P.A.*, 153 F.R.D. 689, 694 (M.D. Fla. 1994) (citations omitted). A motion for reconsideration "must demonstrate some reason why the court should reconsider its prior decision" and "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Cover v. Wal-Mart Stores, Inc.*, 148 F.R.D. 294, 295 (M.D. Fla. 1993). There are three major grounds justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or manifest injustice. *Id.* None of those factors exist here, nor do Defendants carry their burden to render any argument that could justify their application.

Even if the Court determined that Defendants' motion were not one for reconsideration, but a proper motion to modify the Order under Rule 26(c) and the Order's own terms—requiring "good cause" and a demonstration of "need" (Doc.

5

32 ¶ 11)—Defendants' arguments remain unavailing. When a party to a disputed protective order—though the Order was entered after default, effectively waiving any pre-issuance dispute—the plain language of Rule 26(c) applies. *Carrizosa v. Chiquita Brands Int'l, Inc. (In re Chiquita Brands Int'l, Inc. Alien Tort Statute & S'holder Derivative Litig.)*, 965 F.3d 1238, 1250 (11th Cir. 2020). The moving party bears the burden. *Id.*

The Eleventh Circuit has asked district courts to consider several non-exhaustive factors in determining whether the Rule 26(c) burden is met: (1) the severity and the likelihood of the perceived harm; (2) the precision with which the order is drawn; (3) the availability of a less onerous alternative; and (4) the duration of the order. *See id.* (quoting *In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 356 (11th Cir. 1987) (per curiam) (quotation omitted). In weighing these factors, courts are required to engage in the "balancing of interests" under Rule 26(c). *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

Here, the appropriate balancing of the interests should warrant permitting discovery without redaction for PHI subject to Defendants' rights under the discovery rules, including Rule 26(b)(1) to otherwise object to the production of documents on other bases. Defendants' proposed revisions to the Order could effectively create unnecessary litigation over discovery materials here where only

6

five months remain before the close of fact discovery. (Doc. 15). The equities should weigh in permitting the parties the tools to conduct discovery without unneeded delay.

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendants' motion (Doc. 33), for no grounds justifying reconsideration or good cause shown.

Dated: January 27, 2023.

        Respectfully submitted,

        LAW OFFICE OF JAMES COOK

        */s/ James V. Cook*
        James V. Cook (FBN 966843)
        314 W. Jefferson Street
        Tallahassee, Florida 32301
        cookjv@gmail.com
        Tel. (850) 222-8080
        Fax (850) 561-0836

        -and-

        SLATER LEGAL PLLC
        James M. Slater (FBN 111779)
        113 S. Monroe Street
        Tallahassee, Florida 32301
        james@slater.legal
        Tel. (305) 523-9023

        *Attorneys for Plaintiff*

## Certificate of Service

I hereby certify that on January 27, 2023, I electronically filed the foregoing document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: <i>/s/ James M. Slater</i><br>
James M. Slater