UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

KERRI PENNINGTON,

      Plaintiff,

v.

FLORIDA DEPARTMENT OF
CORRECTIONS, *et al*.,

      Defendants.

Case No. 4:22-cv-377-MW-MJF

**PLAINTIFF'S MOTION TO COMPEL THE FLORIDA DEPARTMENT
OF CORRECTIONS' PRODUCTION OF DOCUMENTS**

Pursuant to Rule 37(a)(3)(B)(iv), Local Rule 26.1(D), and section 8 of the

Court's Initial Scheduling Order (Doc. 12), Plaintiff Kerri Pennington moves to

compel Defendant Florida Department of Corrections (FDC) to produce documents

responsive to Plaintiff's First Set of Written Discovery Requests and to re-produce

certain documents without inappropriate redaction.

FDC agreed to provide the documents subject to this motion in its responses

to Plaintiff—which were requested on November 7, 2022—but for months it has

not produced them. After waiting an appropriate amount of time after an initial

production in late December, Plaintiff sent FDC a discovery deficiency letter in

mid-January. Then counsel met and conferred on February 1st, and FDC's counsel:

reiterated that FDC would turn over the documents it agreed to produce in

December; agreed to reproduce certain documents without inappropriate redaction;

and admitted she personally possessed at least one set of documents that were not

turned over. After the meet and confer, Plaintiff has waited for the documents, but

nothing has been turned over, not even the documents defense counsel possessed

on her computer. Plaintiff's counsel has now emailed FDC's counsel to obtain the

promised documents but has not received any response to date. Enough delay: the

Court should order FDC to turn over the responsive documents and reproduce

documents without redaction by a date certain so that Plaintiff may diligently

proceed with completing fact discovery before its close.

## I.    BACKGROUND[1]

1.      On November 7, 2022, Plaintiff served her first set of written

discovery requests to FDC, which included a set of requests for production.

2.      FDC responded on December 19, 2022, and noted that it would

produce certain documents and also noted that certain categories of documents

---

[1] Local Rule 26.1(D) requires a movant to set out the specific request and objections to streamline a determination of whether the Court should compel discovery. Here, however, FDC has agreed to produce or reproduce documents for each of the requests at issue. To comply with the local rule, Plaintiff will set out each request at issue in seriatim with the responses and reasons in Section II below; however, to assist the Court with understanding the issues, Plaintiff provides this brief background of her attempts to seek discovery without Court intervention.

2

were "requested" and would "be provided upon receipt." *See* FDC's Responses, attached as **Exhibit 1**.

3.     The next day, FDC produced documents responsive mainly to Request No. 3—which sought records listed in FDC's initial disclosures. FDC subsequently reproduced certain documents without redaction on December 30.

4.     For Requests Nos. 1–2, 12, 16, 23–24, 28–29 and 31–34, FDC's December 19 responses stated that documents had been requested and would be "provided upon receipt."

5.     Some of these requests would require FDC to undertake a diligent search and would understandably take time—such as Requests Nos. 33 and 34 for ESI pertaining to emails about the decedent, Clinton Wells, and JPay messages sent by him during a certain period. Even so, Plaintiff's counsel has obtained these documents from FDC in less time in other matters.

6.     But other requests would not require FDC to undertake any real search or inquiry. For example, Request No. 31. In that request, Plaintiff sought security check policies for Hamilton C.I.:

> ➤ 31. All security check policies for the Facility for the years 2019, 2020, and 2021.

7.     FDC responded:

> ➤ Response: Responsive policies have been requested, and will be provided upon receipt, specifically Post Order #9.

3

8.     But Plaintiff has not received Post Order #9, or any other post order. These orders are easily accessible to FDC staff for production purposes. Nor has Plaintiff received requested logs, photographs, and rosters, despite their availability.

9.     In response, Plaintiff sent a discovery letter to FDC's counsel. *See* Discovery Deficiency Letter dated January 23, 2023, attached as **Exhibit 2**. Plaintiff asked for completed production of the documents that FDC promised in December—documents responsive to Requests Nos. 1–2, 12, 16, 23–24, 28–29 & 31–34—to be finalized by February 10, and to meet and confer on redactions, diagrams, and call records, among other things.

10.     On February 1, 2023, counsel conferred via videoconference regarding production of the above documents, and FDC's counsel also confirmed agreement to produce in response to Request No. 8—which sought maps and drawings—a document depicting the interior of F-Dorm at Hamilton C.I.—where Mr. Wells was killed—as it existed in June 2020. *See* Correspondence Dated February 1, 2023, attached as **Exhibit 3**.

11.     FDC's counsel also agreed to reproduce several documents that were heavily redacted. *See id.*

12.     FDC produced certain audit forms and review forms with redactions obscuring review reasons, limiting Plaintiff's ability to determine the basis of the

review and its possible importance to the case. As an example, the following

special review form for Mr. Wells lacks information through improper redaction:



13.     The parties agreed that FDC would not undertake such redactions,

which its counsel acknowledges when she agreed to reproduce these documents.

(Doc. 35-1) (agreement on redactions). Counsel also stated that she already

possessed these documents but has not turned them over for several weeks now.

*See* Ex. 3.

14.     As to the other documents that have not been reproduced without redaction—an email, use of force reports, and an arrest record—those matters were only agreed upon on February 1st and FDC's counsel stated she did not possess them at the time. Plaintiff acknowledges that unlike the other requests that have languished for months, FDC should have some leeway with producing these documents—though it is a matter of simply turning over a few documents without redaction.  For example, FDC promised to reproduce the following email—one of the few produced, as it was embedded in the classification file—given that it obscures potentially material evidence about Mr. Wells's death:

| | |
|---|---|
| From: | EAC - Emergency Action Center <emergencyoperations@mail.dc.state.fl.us> |
| Sent: | Sunday, June 28, 2020 9:16 PM |
| To: | Victim Services |
| Subject: | Death-Inmate-Other: Hamilton Annex |

Death-Inmate-Other: Hamilton Annex

On 6/28/20 at approximately 2047 hours, 36 year old Inmate WELLS, CLINTON 167623 was pronounced deceased by Dr. Carter while in medical. The inmate ███████████████████████████████████████

███████████  The Chaplain will notify the next-of-kin. Staff notified Duty Warden Hamlin of the death.

This email should have never been redacted to obscure this information.

## II.     SPECIFIC REQUESTS

According to Local Rule 26.1(D), the following table sets forth (1) the requests for production subject to this motion, (2) FDC's responses, and (3) the reasons for granting this relief:

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 1 | All communications in your possession, custody, or control relating to the matter sued upon between you (see Definition 6) and any witness listed in your Rule 26(a)(1)(A)(i) disclosures. | d. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.<br><br>e. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.<br><br>f. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.<br><br>g. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt. | No email correspondence produced except for what was contained within classification files.<br><br>The email annexed above in paragraph 14 was agreed to be reproduced, but was not. |
| 2 | All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses. | Please see Defendant's response to Request 2. | No email correspondence produced except for what was contained within classification files.<br><br>The email annexed above in paragraph 14 was agreed to be reproduced, but was not. |

| No. | Request | Response | Reasons to Compel |
|-----|---------|----------|-------------------|
| 3 | All records listed in your Rule 26(a)(1)(A)(ii) disclosures. | Redacted classification file enclosed as Attachment 3a. The classification file with medical information unredacted and Mr. Wells' complete medical file will be disclosed immediately upon receiving the enclosed medical release signed by a representative or next of kin.<br><br>Enclosed as Attachment 3e. | Audit files and reports were redacted outside the scope of the parties' agreement. FDC agreed to reproduce them and FDC's counsel stated she possessed them as of 2/1/23, but none have been reproduced.<br><br>The personnel files in Attachment 3e contain redactions in use of force reports and arrest records. FDC has agreed to reproduce them but has not to date. |

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 8 | All documents, including without limitation any models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, communications, notes, letters, text messages, direct messages, SMS messages, internet or social media posts, and e-mails, not privileged, relating to the Incident, Homicide, or any of the facts identified in the Complaint. | Objection, overbroad and vague, unduly burdensome, not proportional to the needs of the case. The request for internet social media posts is extremely burdensome in that FDC does not have custody and control of these records and cannot readily search the social medias and messages of its employees and/or agents. Such a search would also be extremely invasive and burdensome on the individual employees/agents. There are no responsive messages or social media posts to Defendant's knowledge. Defendant asks that Plaintiff specifically list the models, plats, maps, and drawings she is requesting, whether of the Facility or otherwise. Without waiving these objections, please see Defendant's responses to the more specific requests contained herein. Attachments 3a and 3d contain responsive investigative reports, correspondence, communications, photos, logs, film, audio, and video recordings. Emails responsive to Request 33 have been requested, and will be provided upon receipt. There are currently no transcripts. | Parties agreed on February 1, 2023 that FDC would produce a diagram depicting the layout of F-Dorm as it appeared in June 2020 but has not done so. *See* Ex. 3. |

| No. | Request | Response | Reasons to Compel |
|-----|---------|----------|-------------------|
| 12 | All documents relating to or concerning Plaintiff, including any call logs referencing Plaintiff, emails, or other communications relating to, concerning, naming, or identifying Plaintiff. | See Attachment 3a. Responsive emails have been requested, and will be provided upon receipt. | No emails produced except from classification file. |
| 16 | The F-Dorm Bed Assignment Logs for June 27, 2020 through June 29, 2020. | Response: F-Dorm Bed Assignment Logs for June 26, 2020 is included in Case No. 20-11951, page 49 (Attachment 3d). The responsive documents have been requested, and will be provided upon receipt. | No other logs produced. |
| 23 | Color photographs of the individual defendants in this case for identification purposes by witnesses. | The responsive photographs have been requested and will be provided upon receipt. | No documents produced. Counsel represents that in another case they received these documents within 10 days of opposing counsel's request to FDC. |
| 24 | Color photographs of the corrections staff identified in Plaintiff's initial disclosures for identification purposes by witnesses. | The responsive photographs have been requested and will be provided upon receipt. | No documents produced. |

| No. | Request | Response | Reasons to Compel |
|---|---|---|---|
| 28 | All duty rosters for the Facility, all shifts, from June 21, 2020 through June 30, 2020. | Objection, overbroad. Defendant asks that Plaintiff narrow the request to Hamilton Annex, where the incident in question occurred. Duty rosters for Hamilton Annex, June 27 – 28, 2020 are included in Case No. 20-11951, page 76 (Attachment 3d). The remaining responsive documents, with the requested limitation, have been requested, and will be provided upon receipt. | Remaining responsive documents not produced. |
| 29 | All dormitory logs for F-Dorm for June 26, 2020 through June 29, 2020, all shifts, including escort logs and any other dormitory logs that were maintained. | Dormitory logs for F-Dorm, June 28, 2020 are included in Case No. 20-11951, page 16 (Attachment 3d). The remaining responsive documents have been requested, and will be provided upon receipt. | Remaining responsive documents not produced. |
| 31 | All security check policies for the Facility for the years 2019, 2020, and 2021. | The responsive policies have been requested, and will be provided upon receipt, specifically Post Order #9. | Post Order #9 has not been produced. The parties clarified during their 2/1/23 meet and confer that other policies may be responsive and those have not been produced either. |

| No. | Request | Response | Reasons to Compel |
|-----|---------|----------|-------------------|
| 32 | All security check policies for the years specified in Request No. 32 specific to F-Dorm. | Responsive policies have been requested, and will be provided upon receipt, specifically Post Order #9. | Post Order #9 has not been produced. The parties clarified during their 2/1/23 meet and confer that other policies may be responsive and those have not been produced either. |
| 33 | All email communications transmitted or received between January 1, 2019 to present, that were sent to, from, copying, or blind copying the following individuals with "Wells" or "167623" in the subject line: Holly Hamlin; Jeffrey Brannen; Gregory Howard; Julian Parrish; Sean Crawford; Andrew Harrell Jr.; Nathaniel Lewis; Jeffrey Oliphant; Amy Parks; and Roderic Williams. | The responsive documents have been requested, and will be provided upon receipt. | No responsive documents produced except for certain emails in classification file. |
| 34 | All JPay messages sent (whether or not transmitted or released by FDC to the intended recipient) by Wells from January 1, 2019 to June 28, 2020. | The responsive documents have been requested, and will be provided upon receipt. | No responsive documents produced. Counsel represents that it has sought JPay messages in other matters from FDC and has received messages and metadata within 17 days of a request to FDC's counsel. |

## III.   ARGUMENT

Courts are imbued with "broad discretion" under Rule 26 to compel or deny discovery. *Josendis v. Wall to Wall Residence Repairs, Inc.*, 662 F.3d 1292, 1306 (11th Cir. 2011). Rule 26(b), which sets out the scope of discovery, states that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). And "[t]he Federal Rules of Civil Procedures strongly favor full discovery whenever possible." *Farnsworth v. Proctor & Gamble*, 758 F.2d 1545, 1547 (11th Cir. 1985). "[A] motion to compel discovery is committed to the discretion of the trial court[.]" *Com. Union Ins. Co. v. Westrope*, 730 F.2d 729, 731 (11th Cir. 1984).

Under the Federal Rules of Civil Procedure, a party may serve on any other party a request to produce and permit the requesting party to inspect, copy, test, or sample "any designated documents or electronically stored information." Fed. R. Civ. P. 34(a)(1)(A). A party resisting discovery has the burden to show that the requested discovery is not relevant to the issues or is otherwise objectionable. *See Dunkin' Donuts, Inc. v. Mary's Donuts, Inc.*, No. 01-0392-CIV, 2001 WL 34079319, at *2 (S.D. Fla. Nov. 1, 2001).

FDC has not technically resisted the discovery Plaintiff seeks—both sides have sought clarification on a few matters, but the bulk of the requests here

13

received an affirmative response: that counsel had requested the documents from her client, and they would produce them when provided. **But that was two months ago, and no further documents have been provided.** Some documents provided needed to be reproduced unredacted—something that should only take but a moment—but weeks have gone by without any reproduction. One set of those documents is in the possession of FDC's counsel, but she has not turned them over despite repeated requests.

The Court in its discretion should enter an order compelling FDC to provide responsive documents within a date certain. Plaintiff acknowledges that some types of documents may take longer to gather, but as noted in the chart above, some categories of documents that FDC has not produced for more than two months, Plaintiff's counsel has received in days or weeks in other cases. Discovery closes on June 30, 2023, (*see* Doc. 15), and any further delay will only prejudice Plaintiff in completing discovery. There is no excuse for the delay—and none has been given—including for documents that are in counsel's possession but have not been turned over.

## IV.   REQUEST FOR REASONABLE EXPENSES

Pursuant to Rule 37(a)(5), should the Court grant this motion, Plaintiff requests an award of its reasonable expenses, including attorney's fees. The Court possesses broad power to "impose sanctions on uncooperative litigants." *Phipps v.*

*Blakeney*, 8 F.3d 788, 790 (11th Cir. 1993); *Malautea v. Suzuki Motor Co., Ltd*., 987 F.2d 1536, 1542 (11th Cir. 1993); *In re Chase & Sanborn Corp*., 872 F.2d 397, 400 (11th Cir. 1989). Rule 37 sanctions are intended to (1) compensate the court and parties for the added expenses caused by discovery abuses, (2) compel discovery, (3) deter others from engaging in similar conduct, and (4) penalize the offending party or attorney. *Wouters v. Martin Cty*., 9 F.3d 924, 933 (11th Cir. 1993); *Carlucci v. Piper Aircraft Corp., Inc*., 775 F.2d 1440, 1453 (11th Cir. 1985). The Eleventh Amendment does not immunize FDC from the imposition of sanctions. *Survivor v. Our Kids of Miami-Dade/Monroe, Inc.*, No. 11-CIV-24611, 2016 WL 950952, at *8 (S.D. Fla. Mar. 7, 2016).

Given that FDC—and for some documents, its counsel—have the ability to turn over the requested documents *now* and have no excuse other than delay in not further producing responsive documents, the Court should exercise its discretion to award fees because there is no: good-faith reason for the delay; substantial justification for the delay; and—unless FDC or its counsel can state otherwise— other circumstance that would make an award unjust. *See* Fed. R. Civ. P. 37(a)(5)(A). Upon the Court's request, Plaintiff's counsel can and will provide timekeeping records.

15

## V.    CONCLUSION

For all these reasons, Plaintiff respectfully requests that the Court: (1) grant this motion; (2) require FDC to produce all documents responsive to Requests Nos. 1–2, 12, 16, 23–24, 28–29 and 31–34 by a date certain with rolling production until such date; (3) require FDC in response to Request No. 3 to reproduce in unredacted form—subject to the parties' agreement—all file audit checklists, special review forms, the email identified above in paragraph 14, all use of force reports in defendants' personnel files, and all arrest records in the defendants' personnel files; and (4) award reasonable attorney's fees under Rule 37(a)(5).

Dated: February 21, 2023.

Respectfully submitted,

SLATER LEGAL PLLC

*/s/ James M. Slater*
James M. Slater (FBN 111779)
113 S. Monroe Street
Tallahassee, Florida 32301
james@slater.legal
Tel. (305) 523-9023

-and-

LAW OFFICE OF JAMES COOK
James V. Cook (FBN 966843)
314 W. Jefferson Street
Tallahassee, Florida 32301
cookjv@gmail.com
Tel. (850) 222-8080

*Attorneys for Plaintiff*

16

**Certificate of Service**

I hereby certify that on February 21, 2023, I electronically filed this document with the Clerk by using the CM/ECF system, which will serve a copy on all counsel of record.

By: */s/ James M. Slater*
James M. Slater

**Certificate of Good Faith Conference**

I hereby certify under Local Rule 7.1(B) that I have conferred in good faith with opposing counsel via videoconference and email on February 1, 2023 regarding the discovery deficiencies here, which FDC agreed to resolve. I have since attempted to confer via email on February 14 and 17 regarding these requests and have not received any further response from FDC's counsel. The February 17 email specifically asked for counsel's position on this motion.

By: */s/ James M. Slater*
James M. Slater

**Certification Under L.R. 7.1(F)**

Under Local Rule 7.1(F), I hereby certify that this document contains fewer than 3,500 words, inclusive of headings, footnotes, and quotations, but exclusive of the case style, signature block and certificates.

By: */s/ James M. Slater*
James M. Slater