UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

**KERRI PENNINGTON, AS THE
PERSONAL REPRESENTATIVE
OF THE ESTATE OF CLINTON
ARCHER WELLS, DECEASED,
AMD ON BEHALF OF J.A. AND D.A.,
MINOR CHILDREN SURVIVORS**

    Plaintiff,

v.                                                      Case No. 4:22-cv-00377-MW-MJF

**FLORIDA DEPARTMENT OF
CORRECTIONS, AN AGENCY OF
THE STATE OF FLORIDA,
HOLLY HAMLIN, JEFFREY
BRANNEN, JULIAN PARRISH,
And GREGORY HOWRD**

    Defendants,
_____/

**DEFENDANT FLORIDA DEPARTMENT OF CORRECTIONS'
RESPONSE TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION**

Defendant, FLORIDA DEPARTMENT OF CORRECTIONS, hereby responds to Plaintiff's First Request for Production pursuant to Rule 34, Federal Rules of Civil Procedure, as follows:

1. All communications in your possession, custody, or control relating to the matter sued upon between you (see Definition 6) and any witness listed in your Rule 26(a)(1)(A)(i) disclosures.

1

**Response**:

  a. Please see documents produced as Attachment 3a below for any correspondence between FDC and Plaintiff prior to the initiation of this action.
  b. None.
  c. None.
  d. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.
  e. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.
  f. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.
  g. Please see documents produced as Attachment 3a below. Responsive email correspondence has been requested, and will be provided upon receipt.
  h. Defendant is withholding communications between this witness and its counsel, Howell, Buchan & Strong, on the basis of the attorney-client privilege and work-product protection. There are no non-privileged communications at this time.

2. All records, including electronically stored information, in your possession, custody, or control, that you may use to dispute Plaintiff's claims or support your defenses.

**Response:** Please see Defendant's response to Request 2.

3. All records listed in your Rule 26(a)(1)(A)(ii) disclosures.

**Response:**

2

1. Redacted classification file enclosed as Attachment 3a. The classification file with medical information unredacted and Mr. Wells' complete medical file will be disclosed immediately upon receiving the enclosed medical release signed by a representative or next of kin.
2. Enclosed as Attachment 3b.
3. Enclosed as Attachment 3c.
4. Enclosed as Attachment 3d.
5. The responsive documents have been requested, will be provided upon receipt.
6. Enclosed as Attachment 3e.
7. Enclosed as Attachment 3f, also see Attachment 3a.
8. See documents enclosed as Attachment 3g, also see Attachment 3a.
9. Relevant policies have been requested, specifically Post Order #9.
10. See Attachment 3a and 3g for documents received via public records request from the Pinellas County Sheriff's Office. No other responsive documents at this time.
11. None at this time.
12. The documents identified in this disclosure are in Plaintiff's possession
13. None at this time.

4. All public records requests made by you or on your behalf relating to Plaintiff, Wells, the Incident, or the facts in the Complaint, and all responses made by the person or entity from whom the records were requested

**Response:** See Attachments 3a and 3g for documents received via public record requests. No other responsive documents at this time.

5. All records relating to the Incident, Homicide, or facts in the Complaint that have been otherwise provided to you whether based on public records requests or not.

**Response:** Objection, overbroad. Without waiving this objection, please see Defendant's responses to the more specific requests contained herein, including documents enclosed as Attachment 3d.

6. All records supporting any affirmative defense raised by you.

**Response:** Please see Defendant's response to Request 3.

7. All records, Attachments, graphs, displays, charts, computer printouts, recordings and photographs which you may use at any stage of this proceeding.

**Response:** Please see Defendant's response to Request 3.

8. All documents, including without limitation any models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, communications, notes, letters, text messages, direct messages, SMS messages, internet or social media posts, and e-mails, not privileged, relating to the Incident, Homicide, or any of the facts identified in the Complaint.

**Response:** Objection, overbroad and vague, unduly burdensome, not proportional to the needs of the case. The request for internet social media posts is extremely burdensome in that FDC does not have custody and control of these records and cannot readily search the social medias and messages of its employees and/or agents. Such a search would also be extremely invasive and burdensome on the individual employees/agents. There are no responsive messages or social media posts to Defendant's knowledge.

Defendant asks that Plaintiff specifically list the models, plats, maps, and drawings she is requesting, whether of the Facility or otherwise.

Without waiving these objections, please see Defendant's responses to the more specific requests contained herein. Attachments 3a and 3d contain responsive investigative reports, correspondence, communications, photos, logs, film, audio, and video recordings. Emails responsive to Request 33 have been requested, and will be provided upon receipt. There are currently no transcripts.

9. All records, including models, plats, maps, drawings, photos, film, audio or video recordings, transcripts, correspondence, memos, journals, logs, notebooks, notes, investigative reports, and communications, including emails, relating to a fact or issue in this controversy.

**Response:** See response to Request 8.

10. All communications with the other defendants in this case relating to the Incident, Homicide, or any other facts identified in the Complaint.

**Response:** See response to Request 1.

11. All photographs or video or audio recordings relating to the Incident, Homicide, or any other facts identified in the Complaint, including, without any limitation, all video footage from F-Dorm, Wing-2 from 4:00 p.m. to 9 p.m. eastern time on June 28, 2020, including without limitation footage on that day and during those times on cameras 4, 6, and 9.

**Response:** See Attachment 3d.

12. All documents relating to or concerning Plaintiff, including any call logs referencing Plaintiff, emails, or other communications relating to, concerning, naming, or identifying Plaintiff.

**Response:** See Attachment 3a. Responsive emails have been requested, and will be provided upon receipt.

13. All documents relating to or concerning Wells, including his medical records, mental health files, and classification records.

**Response:** Mr. Wells' redacted classification file is enclosed as Attachment 3a. The classification file with medical information unredacted and Mr. Wells' complete medical file will be disclosed immediately upon receiving the enclosed medical release signed by a representative or next of kin.

14. All records or documents supporting any responses to Plaintiff's Requests for Admissions directed to you where the statement is not unequivocally admitted.

**Response:** See Attachments 3a and 3c.

15. All records or documents not privileged that you created as a result of the Incident and/or Homicide, including but not limited to, letters, memos, logs, forms, reports, and transcripts.

**Response:** See Attachments 3a, 3b, and 3d.

16. The F-Dorm Bed Assignment Logs for June 27, 2020 through June 29, 2020.

**Response:** F-Dorm Bed Assignment Logs for June 26, 2020 is included in Case No. 20-11951, page 49 (Attachment 3d). The responsive documents have been requested, and will be provided upon receipt.

17. The chain of custody forms provided to the Florida Department of Law Enforcement and its agents (collectively, "FDLE") in connection with its investigation into the Homicide.

**Response:** See Attachment 3d.

18. All photographs provided to FDLE in connection with its investigation into the Homicide.

**Response:** See Attachment 3d.

19. All photographs taken during or pertaining to the Homicide, including photographs of Wells.

**Response:** See Attachment 3d.

20. All other documents provided to FDLE concerning Wells and/or the Homicide.

**Response:** See Attachment 3d.

21. All documents provided by FDLE to you concerning Wells and/or the Homicide.

**Response:** See Attachment 3d.

22. An unredacted copy of the FDLE investigative report into the death of Wells.

**Response:** FDLE reports are not in the custody or control of the Florida Department of Corrections. This request will need to be directed to FDLE.

23. Color photographs of the individual defendants in this case for identification purposes by witnesses.

**Response:** The responsive photographs have been requested and will be provided upon receipt.

24. Color photographs of the corrections staff identified in Plaintiff's initial disclosures for identification purposes by witnesses.

**Response:** The responsive photographs have been requested and will be provided upon receipt.

25. All incident and investigation reports concerning Wells, including all supporting materials used in preparing those reports.

**Response:** See Attachment 3a and 3d.

26. All audio and/or audiovisual interviews, recordings, or materials concerning or related to the Homicide.

**Response:** See Attachment 3d.

27. All transcripts related to or concerning the Homicide, including transcripts of interviews or video recordings from witnesses, responding officers, or other personnel.

**Response:** None at this time.

28. All duty rosters for the Facility, all shifts, from June 21, 2020 through June 30, 2020.

**Response:** Objection, overbroad. Defendant asks that Plaintiff narrow the request to Hamilton Annex, where the incident in question occurred. Duty rosters for Hamilton Annex, June 27 – 28, 2020 are included in Case No. 20-11951, page 76 (Attachment 3d). The remaining responsive documents, with the requested limitation, have been requested, and will be provided upon receipt.

29. All dormitory logs for F-Dorm for June 26, 2020 through June 29, 2020, all shifts, including escort logs and any other dormitory logs that were maintained.

**Response:** Dormitory logs for F-Dorm, June 28, 2020 are included in Case No. 20-11951, page 16 (Attachment 3d). The remaining responsive documents have been requested, and will be provided upon receipt.

30. Wells' grievances, including appeals and responses, between January 1, 2017 through June 28, 2020.

**Response:** See Attachment 3a.

31. All security check policies for the Facility for the years 2019, 2020, and 2021.

**Response:** The responsive policies have been requested, and will be provided upon receipt, specifically Post Order #9.

32. All security check policies for the years specified in Request No. 32 specific to F-Dorm.

**Response: Response:** Responsive policies have been requested, and will be provided upon receipt, specifically Post Order #9.

9

33. All email communications transmitted or received between January 1, 2019 to present, that were sent to, from, copying, or blind copying the following individuals with "Wells" or "167623" in the subject line: Holly Hamlin; Jeffrey Brannen; Gregory Howard; Julian Parrish; Sean Crawford; Andrew Harrell Jr.; Nathaniel Lewis; Jeffrey Oliphant; Amy Parks; and Roderic Williams.

**Response:** The responsive documents have been requested, and will be provided upon receipt.

34. All JPay messages sent (whether or not transmitted or released by FDC to the intended recipient) by Wells from January 1, 2019 to June 28, 2020.

**Response:** The responsive documents have been requested, and will be provided upon receipt.

35. A privilege log that includes (1) the date of the record withheld, (2) the author, (3) the nature of the record, (4) the subject matter, (5) all recipients, and (6) the privilege asserted. It should include enough information to allow the requesting party to challenge the privilege.

**Response:**

| Sender | Recipient(s) | Withheld Document | Date | Privilege |
|---|---|---|---|---|
| Sean Anderson, Esq. | FDC staff in public records and inmate | Notice of intent to sue received by Defendant. | July 1, 2022 | Attorney-Client |

|  | records divisions. | Redacted from Attachment 3d, Case Report pg. 97. |  |  |
|---|---|---|---|---|
| Howell, Buchan & Strong | Current FDC staff, including named Defendants. | Varied communication pertaining to this litigation for purposes of defense. |  | Attorney-client |

 

Respectfully submitted,

*/s/ Liane S. LaBouef*
Liane S. LaBouef
Florida Bar No. 1025198
Howell, Buchan & Strong
2898-6 Mahan Drive
Tallahassee, Florida 32308
(850) 877-7776
Liane@jsh-pa.com
*Attorney for Defendants*

### CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of foregoing has been served on all counsel of record via email on December 19, 2022.

              */s/ Liane S. LaBouef*
              Liane S. LaBouef