

January 23, 2023

Liane LaBouef  *Via Electronic Mail Only*
Howell Buchan Strong
liane@jsh-pa.com
margaret@jsh-pa.com

      Re:    *Pennington v. FDC et al.*, Case No. 4:22-cv-377
              <u>Discovery Letter per Rule 37(a)(1)</u>

Liane:

      I write to address a few matters with respect to your initial production and responses to our first set of requests for production.

    **I.**    **Responses to Requests for Production**

      A.   <u>Requests Nos. 1–3 & 14–15 to Individual Defendants</u>

      As to the individual defendants' responses, they all state that they have no responsive texts messages and that responsive emails will be produced by FDC (*see* Responses to Requests Nos. 14 & 15), and that there are otherwise no communications in their possession, custody, or control regarding this lawsuit (*see, e.g.*, Responses to Requests Nos. 1–3). Please confirm in writing that each of your individual clients has searched all personal electronic devices and repositories for any responsive documents and that none exist in their possession, custody, or control. For your responses regarding a lack of "responsive" text messages, please also confirm whether any text messages are being withheld based on lack of responsiveness or whether no personal communications exist between the individual defendants.

      B.   <u>Request No. 17 to Individual Defendants</u>

      For the individual defendants' responses to Request No. 17, they objected to phone call records for 96 hours from 5 pm on May 9, 2020 and you stated that documents were being withheld. We are open to narrowing the request but do not believe that there could be relevant, discoverable information in those records during that brief period that otherwise do not specifically reference Mr. Wells or the incident at issue in the complaint. Please let us know your availability to meet and confer on your objections in an effort to resolve them.

C.  <u>Request No. 8 to FDC</u>

In response to Request No. 8, FDC asks what specific models, plats, maps, or drawings she is requesting. In an effort to narrow her request, Plaintiff would seek production of a map or drawing depicting the layout of F-Dorm as it existed in June 2020. Please let us know if FDC intends to maintain its objection to that narrowed request.

D.  <u>Request No. 22 to FDC</u>

FDC responded to Request No. 22 stating that "FDLE reports" are not in its possession, custody, or control. This response can be taken to mean that those reports are not generally provided to FDC but does not respond directly to the request. Please confirm that FDC has undertaken a reasonable search for this specific report and that no responsive documents exist in its possession, custody, or control. Also, please let us know if you will object to our obtaining case documents directly from FDLE.

E.  <u>Incomplete Production by FDC & Clarification Needed Re Requests Nos. 31 & 32</u>

*First,* in response to Requests Nos. 1–2, 12, 16, 23–24, 28–29 & 31–34 to FDC, you stated on December 19, 2022, that you would produce responsive documents when they became available. We have not received any additional documents since the productions on December 20 and 30. If you have continued to receive responsive documents, please produce them immediately. Otherwise, we request that you provide the remainder of responsive documents that you have agreed to produce on a rolling basis with completion **no later than February 10, 2023**. Please confirm that FDC will agree to complete production within this time.

*Second*, you have agreed to produce Post Order #9 in response to Requests Nos. 31 & 32, which seek all security policies for the Hamilton C.I. for the years 2019-21, including all policies specific for F-Dorm during that time. You have not otherwise objected to these requests. Your response is unclear as to whether FDC has determined that is the *most applicable* responsive document or the *only* responsive document. Please confirm that FDC has undertaken a reasonable search to confirm that there are no other security check policies in effect during those years, including for F-Dorm.

II.    Improper Redactions in FDC Production & File Name Discrepancies

We have also begun reviewing the documents FDC has produced in response to our first requests for production. We have some concerns with the redactions of certain documents.

A. <u>Classification Files</u>

In the classification files, you have redacted information in the file audit checklists and special review forms (the special review reasons and DC numbers), which should not be redacted per our agreement. *See, e.g.*, DNP-SP~1, DC344A~1. Please reproduce all file audit checklists and special review forms without redaction. We also note the routine redaction of employee ID numbers. Please clarify whether these are the same ID numbers that appear on the corrections officer's badges that every inmate can see.

You have also redacted a portion of a June 28, 2020 email from EAC to Victim Services relating to Mr. Wells' death. *See* DVC-RE~2. The email references that Mr. Wells was pronounced dead and then states that "[t]he inmate"—meaning Mr. Wells—followed by several lines of redaction. **No later than January 27, 2023** please reproduce this document without any redactions.

It also appears that some of the classification files sent on December 20 may bear different file names than the ones sent on December 30—there are several files produced on December 20 bearing names that are not present in the December 30 production. We have not yet undertaken a file-by-file comparison, but we want to understand if there is some technical reason why some of the files would have different names or if there are documents that were produced on December 20, which were not reproduced without redaction on December 30. We will also note that the folders do not have the same number of files, but we are unsure as to whether an additional file was included in the December 30 production or if there is some other reason. We look forward to your response helping us understand these discrepancies.

B. <u>Personnel Records</u>

In the personnel records, we have noted that you have redacted grades, information on family members who work at the Department (names and where they work), employee (non-family) reference contact information, narratives in the use of force logs (including the names of complainants against the individuals or subjects of their uses of force or type of force), and Mr. Parrish's arrest or detention record. We do not think these redactions are appropriate considering our agreement that documents would be unredacted "except for officer identifying information (addresses, socials, DOBs, Employee IDs)." To the extent that the grades or scores are redacted under the Family Educational Rights and Privacy Act (FERPA), we ask that the individual defendants release grades (as we typically do as to SSN and other private but pertinent records). Our critique of these defendants is the way they do their jobs, and this information is potentially an indicator. Please confirm **no later than January 27, 2023** that you will be reproducing these documents without these additional redactions.

In the event we cannot agree on these issues, please let us know your availability for the weeks of January 23 and January 30 for a meet and confer to address these issues via videoconference before we move forward with any court intervention.

                                              Sincerely,

                                              Slater Legal PLLC

                                              James Slater